UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
LAQUAN ROSE,

                       Plaintiff,

           - against -

DEPARTMENT OF PAROLE,

                       Defendant.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
25-CV-4595 (PKC) (VMS)

PAMELA K. CHEN, United States District Judge:

On July 7, 2025, Plaintiff Laquan Rose[1] ("Plaintiff"), detained on Rikers Island, filed this *pro se* action in the United States District Court for the Southern District of New York, relating to his December 12, 2024 arrest in Brooklyn, New York. He sues the "Department of Parole," which the Court understands to be the New York State Department of Corrections and Community Supervision ("DOCCS" or "Defendant"), the state agency responsible for the administration of parole in New York.[2] That action was transferred to this Court on August 19, 2025. (Dkt. 5.) Plaintiff's motion to proceed *in forma pauperis*, (Dkts. 2–3) is granted. For the reasons stated below, the Complaint is dismissed with leave to file an amended complaint by October 27, 2025.

## BACKGROUND

On the day after Thanksgiving 2024, Plaintiff was told by unknown parole officers to "report" on December 2, 2024. (Compl., Dkt. 1, at 4.) Plaintiff stated that he did not report on December 2, 2024, because those officers were "not [his] parole officers." (*Id.*) Plaintiff's parole

---

[1] Plaintiff notes that he is also known as King Luqman Laquan Lorenzo Rose and Harvey White. (Compl., Dkt. 1, at 1.)

[2] *See Board of Parole*, Dep't of Corr. and Cmty. Supervision, https://doccs.ny.gov/board-parole (last visited Sep. 3, 2025).

officer is "Mrs. Brewer," who works at 15 Second Avenue in Brooklyn. (*Id.*) As Plaintiff was scheduled to report to Mrs. Brewer on December 16, 2024, he "waited for [his] day to report." (*Id.*) Instead, though, on December 12, 2024, Plaintiff was shackled and handcuffed in his bed at a shelter, and then arrested for absconding and assault on a parole officer named Dana Newton. (*Id.*) Plaintiff alleges that this was a false charge, as Plaintiff denies assaulting the officer and states that he "never entered that building at all." (*Id.*) Plaintiff, though, does not identify the building to which he refers. (*Id.*) Although Plaintiff does not provide the status of the criminal case against him, the Court takes judicial notice of records maintained by DOCCS, which confirm that Plaintiff was arrested on December 12, 2024, pursuant to a warrant for a violation of probation and was charged with assault in the second degree.[3]

In this case, Plaintiff alleges that he was improperly arrested by the parole officers and seeks the "maximum monetary damages" available as he was "humiliated to the maximum." (Compl., Dkt. 1, at 5.)

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S.

---

[3] *See* https://a073-ils-web.nyc.gov/inmatelookup/pages/home/home.jsf (search NYSID "07126721J") (last visited Aug. 28, 2025).

at 678. In reviewing a *pro se* complaint, a court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## DISCUSSION

### I.     Section 1983

The Court construes this action as being brought under 42 U.S.C. § 1983 ("Section 1983"), which provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).

Section 1983 requires that a plaintiff demonstrate that the challenged conduct was "committed by a person acting under color of state law," and that the conduct "deprived [the

plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). "[T]he under-color-of-state-law element of [Section] 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotations omitted). A civil rights lawsuit under Section 1983 must establish that the named defendants were personally involved in the wrongdoing or misconduct complained of. *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994). "Because vicarious liability is inapplicable to . . . [Section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

## II.     The Eleventh Amendment

The Eleventh Amendment to the United States Constitution states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const., amend. XI. "Stated as simply as possible, the Eleventh Amendment means that, 'as a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity,' or unless Congress has 'abrogate[d] the states' Eleventh Amendment immunity when acting pursuant to its authority under Section 5 of the Fourteenth Amendment.'" *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (quoting *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006)). New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the state's immunity in enacting Section 1983. *See Trotman v.*

*Palisades Interstate Park Comm'n*, 557 F.2d 35, 38–40 (2d Cir. 1977) (finding that New York has not waived its immunity with respect to Section 1983 claims).

DOCCS, the sole defendant here, is a state agency that is entitled to Eleventh Amendment immunity. *Stone v. N.Y.C. Dep't of Homeless Servs.*, 159 F. App'x 324 (2d Cir. 2005) (summary order) (affirming dismissal of Section 1983 claim against the New York State Division of Parole as barred by the Eleventh Amendment); *Rother v. Dep't of Corr. and Cmty. Supervision*, 970 F. Supp. 2d 78, 89–91 (N.D.N.Y. 2013) (explaining that DOCCS is a "state agenc[y] for purposes of the Eleventh Amendment" and so it is immune from suits for money damages and injunctive relief (collecting cases)); *Garcia v. Div. of Parole Exec. Dep't*, No. 09-CV-2045 (DLI) (LB), 2009 WL 2392160, at *1 (E.D.N.Y. Aug. 3, 2009) (explaining that DOCCS is "entitled to assert the state's Eleventh Amendment immunity where, for practical purposes, the agency is the alter ego of the state and the state is the real party in interest" (quoting *Santiago v. N.Y.S. Dep't of Corr. Serv.*, 945 F.2d 25, 28 n.1 (2d Cir. 1991))). Thus, because of DOCCS's Eleventh Amendment immunity, Plaintiff may not bring a Section 1983 claim against it. Accordingly, Plaintiff's claim against DOCCS is dismissed. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(iii).

## III.    Leave to Amend

Although the complaint has been dismissed against the only defendant Plaintiff has named, considering Plaintiff's *pro se* status, Plaintiff is afforded leave to amend his complaint to set forth a claim against proper defendant(s) under Section 1983. *See* Fed R. Civ. P. 15(a); *see also Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) ("Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the [*pro se*] complaint gives any indication that a valid claim might be stated." (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999))). If Plaintiff cannot identify a defendant by name, he should identify each

individual as "John or Jane Doe #1," for example. For each individual defendant, Plaintiff should provide a physical description and any other identifying information, such as the agency or facility with which the individual works, and the date and time of the event(s) with which they were involved.

Further, Plaintiff is reminded that pursuant to Rule 8 of the Federal Rules of Civil Procedure ("Rule 8"), he must provide a short, plain statement of his claim against each defendant named so that they have adequate notice of the claims against them. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" (citing *Twombly*, 550 U.S. at 555)). Plaintiff is granted leave to file an amended complaint by October 27, 2025, that complies with Rule 8.

## CONCLUSION

For the reasons described above, Plaintiff's complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B), and he may file an amended complaint by October 27, 2025. If Plaintiff fails to timely file an amended complaint or show good cause why he cannot comply within the time allowed, judgment shall be entered closing this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to mail to Plaintiff a form Civil Rights Complaint for actions by incarcerated litigants.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: September 25, 2025
       Brooklyn, New York